UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRADLEY MEEHAN, *on behalf of himself and those similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>ROADMASTER DRIVERS SCHOOL OF PENNSYLVANIA, INC. and ROADMASTER DRIVERS SCHOOL, INC.,<br><br>Defendants. | C.A. NO. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT - CLASS ACTION**

**I.    NATURE OF THE ACTION**

1.     Plaintiff brings this action on their own behalf and on behalf of all other persons similarly situated for damages arising from Defendants' violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq*. ("CPL"), breach of warranties and for unjust enrichment.

2.     Through this lawsuit Plaintiff seeks, for himself and Class members, Defendants' disgorgement of tuition and fees paid to it, proportionate to the damages suffered by Plaintiff and members of the Class, including the loss of income, lost revenue, lost jobs, and other harm associated with not receiving the services they paid for.

3.     Plaintiff also seeks damages relating to Defendants' passing off their Commercial Driving License training program as complete and capable of achieving a valid CDL license for students who complete the program.

**II.    THE PARTIES**

4.     Plaintiff Bradley Meehan is an adult individual and a citizen of the State of New York, residing at 4 Eugene Drive, Kings Park, NY 11754.

1

6. Plaintiff paid approximately $7,000 in tuition, fees and various other costs to Defendants for the training program.

7. Defendant Roadmaster Drivers School of Pennsylvania, Inc. ("RDSPA") is a business entity incorporated in the Commonwealth of Pennsylvania with its principal place of business at 4219 Fritch Drive, Bethlehem, PA 18020.

8. Defendant Roadmaster Drivers School, Inc. is incorporated in Florida and maintains its principal place of business in Florida. It also owns, operates, and manages several CDL Training Schools across the United States, including locations attended by Plaintiff and Class members. One such location lies within the Eastern District of Pennsylvania at 4219 Fritch Drive, Bethlehem, PA 18020, and is the location Plaintiff attended for CDL training.

### III.  JURISDICTION AND VENUE

9. The Court has original jurisdiction of this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because at least one member of the Class, as defined below, is a citizen of a different state than Defendants, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and costs.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the incidents giving rise to the claims herein occurred in this District.

11. The Court has personal jurisdiction over Defendants because the acts and transactions giving rise to this action occurred in this district, and because Defendants conducts substantial business in this district. Furthermore, Defendant RDSPA resides in this district.

### IV.  FACTUAL ALLEGATIONS

12. Established in 1992, Roadmaster Drivers School, Inc. ("Roadmaster") owns, operates, and manages many Commercial Drivers License ("CDL") Training Schools across the United States, including RDSPA and locations attended by Plaintiff and Class members.

13. Roadmaster holds itself out to the public as being the premier CDL training facility, and Roadmaster markets and advertises its reputation, history, experience, and quality of service in advertising and promotional materials provided to customers and the public at large.

14. Indeed, as part of its promotional materials and marketing, Roadmaster represents that it is "an industry-leading **CDL training school** that provides experienced truck driving school instructors and offers students comprehensive **CDL classes** and behind-the-wheel truck driving education so they are fully prepared to start their new job in the trucking industry."

15. Roadmaster operates numerous teaching and service locations throughout the United States, including the location attended by Plaintiff at 4219 Fritch Drive, Bethlehem, Pennsylvania.

16. Through those facilities and services, Roadmaster offered, advertised and contracted services to students from local areas and neighboring states.

17. Students, including Plaintiff, and Roadmaster contracted for training and instruction services, including for those associated with obtaining a CDL.

18. Students, including Plaintiff, enrolled at Roadmaster contracted for, and expected to receive, the quality CDL training they were promised in the advertising and marketing Roadmaster disseminated.

19. Roadmaster marketed and represented that it had the required teachers, training, protocols, and government certifications to train and teach students in the manner sufficient to obtain a CDL.

20. Roadmaster contracted for, represented to provide, and was obligated to provide students with certified CDL license testing, in compliance with the requirements of various state entities, including the Pennsylvania Department of Transportation ("PennDOT") rules

3

and regulations.

21. On or about July 15, 2022, graduates of Roadmaster, including Plaintiff, received a letter from various government entities, including PennDOT, informing them that their CDL licenses were improperly issued, and that Roadmaster had not complied with governmental regulations, and that students (like Plaintiff) must retake their CDL exam or would lose their license.

22. Defendants breached their contractual obligations to students, like Plaintiff, and were unjustly enriched because students paid for specific services they never received and were required to spend monies for services that were not provided.

23. Defendants failed to provide CDL testing that complied with governmental regulations.

24. Students such as Plaintiff were harmed as a result of Defendants' actions, including the loss of income, lost revenue, lost jobs, and other harm associated with not receiving the services they paid for.

25. During all relevant time periods, Defendants engaged in a pervasive, deceptive scheme, whereby Roadmaster induced customers into utilizing Defendants' services based on deceptive and inaccurate documents and provided documents to its customers that reflected services that were not actually provided.

26. As detailed below, the Plaintiff and Class members were unknowingly subjected to these deceptive business schemes by Defendants and its agents.

27. As a result, Defendants have financially damaged Plaintiff and the Class members. Plaintiff brings this suit because Plaintiff and the Class members did not receive the full value of the services for which they paid. They have lost the benefit of their bargain and/or suffered out-of-pocket loss and are entitled to recover compensatory damages, trebling where permitted, and attorneys' fees and costs.

28. Defendants are not entitled, by either contract or equitable principles, to pass the entire cost of its now-discovered invalid CDL testing process to its students. Plaintiff and the Class are entitled to a refund of the tuition, fees, and other related payments for educational and testing services that were advertised to lead to a valid Class A CDL license.

29. Plaintiff seeks, for himself and the Class, a return of the tuition, fees and other related costs, proportionate to the diminished value of classes and testing that led to the July 2022 revocation of their CDL licenses without further testing.

### V. CLASS ACTION ALLEGATIONS

30. Plaintiff seeks to represent a Class defined as:

> Any and all students, and any other person(s) who paid or caused to be paid tuition and/or fees or other related educational expenses to Defendants that later had their Commercial Drivers License declared to be improperly issued due to improper conduct during skills testing by an employee of Defendants.

Specifically excluded from the Class are Defendants, Defendants' officers, directors, trustees and agents, the judge assigned to this action, and any member of the judge's immediate family.

31. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.

32. **Numerosity.** The members of the Class are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable. Upon information and belief, Plaintiff reasonably estimates that there are thousands of members in the Class. Although the precise number of Class members is unknown to Plaintiff at this time, the true number of Class members is known by Defendants and may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third-party retailers and vendors.

33. **Existence and predominance of common questions of law and fact.** Common questions of law and fact exist as to all members of the Class and predominate over

any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

      a)      whether Defendants accepted money from Class members in exchange for the promise to provide services;

      b)      whether Defendants provided the services for which Class members contracted;

      c)      whether Class members are entitled to a refund for that portion of the tuition and fees that was contracted for services that Defendants did not provide;

      d)      whether Defendants are liable to Plaintiff and the Class for unjust enrichment.

34.    **Typicality.** Plaintiff's claims are typical of the claims of the other members of the Class in that, among other things, all Class members were similarly situated and were comparably injured through Defendants' wrongful conduct as set forth herein. Further, there are no defenses available to Defendants that are unique to Plaintiff.

35.    **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel who are highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class. Furthermore, Plaintiff has no interests that are antagonistic to those of the Class.

36.    **Superiority.** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against Defendants. It would, thus, be virtually impossible for the Class on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, even if Class members could afford such individualized

litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

37. In the alternative, the Class may also be certified because:

a) the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendants; and/or

b) the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

c) Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

## COUNT I

### Violation of the Unfair Trade Practices and Consumer Protection Law, 73 P.S. 201-1, *et seq*.

38. Plaintiff restates, realleges and incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

39. The conduct of the Defendants, as set forth above, constitutes an unfair and deceptive trade practice prohibited under the Pennsylvania Unfair Trade Practices and Consumer Protection Law in that Defendants have failed and/or refused to comply with its

written warranty to provide students with certified CDL license training in compliance with the requirements of various state entities including PennDOT, and has engaged in other deceptive conduct which creates a likelihood of confusion.

40. As a direct and proximate result of Defendants' unfair and deceptive trade practices, Plaintiff and the class have suffered ascertainable losses and are entitled to the remedies prayed for above and recapitulated in the prayer for relief below.

## COUNT II
### Breach of Contract

41. Plaintiff restates, realleges and incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

42. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendants.

43. Through the Enrollment Agreement and payment of tuition and fees, Plaintiff and each member of the Class entered into a binding contract with Defendants.

44. As part of the contract, and in exchange for the aforementioned consideration, Defendants promised to provide CDL training and testing services that would, upon completion, result in a valid CDL license to Plaintiff and the members of the Class.

45. Plaintiff and Class members fulfilled their end of the bargain when they paid monies due and completed the training and testing provided by Defendants.

46. Defendants have failed to provide the contracted for services and has otherwise not performed under the contract as set forth above but has retained monies paid by Plaintiff and the Class.

47. Plaintiff and members of the Class have suffered damage as a direct and proximate result of Defendants' breach, including but not limited to the loss of a valid CDL license, lost income, lost revenue, lost jobs, and other harm associated with not receiving the services they paid for.

48. As a direct and proximate result of Defendants' breach, Plaintiff and the Class are entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to reimbursement of certain tuition, fees, and other expenses that were collected by Defendants for services that Defendants failed to deliver.

## COUNT III
### Unjust Enrichment

49. Plaintiff restates, realleges and incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

50. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendants, and in the alternative to Count I.

51. Plaintiff and members of the Class conferred a benefit on Defendants in the form of monies paid for CDL training and testing services. These payments for tuition and other various fees were intended to result in the students achieving a valid CDL license upon completion.

52. Defendants voluntarily accepted and retained this benefit by accepting payment.

53. Defendants have retained this benefit, even though they failed to provide the full education and testing services for which the tuition and fees were collected.

54. It would be unjust and inequitable for Defendants to retain benefits in excess of the services it provided, and Defendants should be required to disgorge any tuition, fees and related expenses that exceed the value of the services actually provided by Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, seek judgment against Defendants as follows:

A. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

B. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

C. For actual, compensatory, and punitive damages in amounts to be determined by the Court and/or jury;

D. For prejudgment interest on all amounts awarded;

E. For an order of restitution and all other forms of equitable monetary relief;

F. For injunctive relief as pleaded or as the Court may deem proper; and

G. For an order awarding Plaintiff and the Class reasonable attorneys' fees and expenses and costs of suit; and

H. All other relief to which Plaintiff and members of the Class may be entitled by law or in equity.

Dated: October 26, 2022

_/s/ James A. Francis__
**FRANCIS MAILMAN SOUMILAS, P.C.**
James A. Francis
John Soumilas
Lauren KW Brennan
1600 Market Street, Suite 2510
Philadelphia, PA 19103
Tel: (215) 735-8600
Fax: (215) 940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
lbrennan@consumerlawfirm.com

Jeffrey K. Brown, Esq.*
Michael A. Tompkins, Esq.*
Brett R. Cohen, Esq.*
**LEEDS BROWN LAW, P.C.**
One Old Country Road, Suite 347
Carle Place, NY 11514
(516) 873-9550
jbrown@leedsbrownlaw.com
mtompkins@leedsbrownlaw.com
bcohen@leedsbrownlaw.com
*To Apply Pro Hac Vice*

*Attorneys for Plaintiffs and the Class*