**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRADLEY MEEHAN and : | | |
| CESAR E. CIRVERA SANTAMARIA, : | | |
| *on behalf of themselves and those* : | | |
| *similar situated*, : | | |
|                Plaintiff, : | | |
| : | | |
|        v. : | Civil No. 2:22-cv-04299-JMG | |
| : | | |
| ROADMASTER DRIVERS SCHOOL, INC., : | | |
|                Defendant. : | | |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                 **June 20, 2023**

Plaintiffs Bradley Meehan ("Meehan") and Cesar E. Corvera Santamaria ("Corvera") brought this class action against defendant Roadmaster Drivers School, Inc. alleging claims of a violation of the Unfair Trade Practice and Consumer Protection law, Breach of Contract and Unjust Enrichment. Plaintiffs paid to take a Commercial Driver's License ("CDL") course with Defendant and were promised CDL testing at the conclusion of the course. Soon after they received their CDL licenses through Defendant, Plaintiffs received notice from state entities that their CDL's were invalid. Before the Court is Defendant's motion to dismiss the amended complaint. For the reasons explained below, the motion will be granted in part and denied in part.

**I.**       **BACKGROUND**[1]

Defendant owns, operates and manages CDL schools in several locations throughout the United States. Amended Complaint, ECF No. 10, at ¶ 11 ("Amend. Compl."). Plaintiffs

---

[1] This summary is premised on the factual allegations contained in the complaint. For purposes of this motion, the allegations are presumed to be true and are construed in the light most favorable to Plaintiffs.

attended Defendant's location at 4219 Fritch Drive in Bethlehem, Pennsylvania. *Id.* at ¶ 14. Defendant offered students CDL testing that complied with requirements of various state entities, including the Pennsylvania Department of Transportation. *Id.* at ¶ 19. On or about July 15, 2022, individuals who had taken the course and obtained their CDL's through Defendant received a letter from government entities indicating the CDL exams they took were invalid. *Id.* at ¶ 20. Plaintiff Corvera received his letter in or around July 2022. *Id.* at ¶ 24. As a result of the invalid CDL exam Corvera's license was revoked and he has lost income. *Id.* Plaintiff Meehan received a letter from the New York Department of Transportation and then had to pay money to take another course to receive a valid CDL. *Id.* at ¶ 25.

Plaintiff Meehan filed a complaint against Roadmaster Drivers School of Pennsylvania, Inc. and Roadmaster Drivers School, Inc. on October 26, 2022, alleging a violation of the Unfair Trade Practice and Consumer Protection Law ("UTPCPL"), and claims of Breach of Contract and Unjust Enrichment. Both defendants filed a motion to dismiss on November 16, 2022. *See* ECF No. 8. On December 7, 2022 Plaintiffs Meehan and Corvera filed an Amended Complaint against Roadmaster Drivers School, Inc., alleging the same claims. *See* ECF No. 10. Defendant now moves to dismiss the Amended Complaint.

## II. STANDARD

A complaint may be dismissed for failing to "state a claim upon which relief can be granted." FED. R. CIV. P. 12(B)(6). To survive dismissal, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). To that end, a complaint cannot rely on mere "labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545.

A three-step framework governs our review of a complaint. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, we identify "the elements [the] plaintiff must plead to state a claim." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 675). Second, we "identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, we assume the veracity of well-pleaded factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

At the motion to dismiss stage, we "accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)).

### III.     DISCUSSION

#### A. Unfair Trade Practice and Consumer Protection Law

Defendant moves to dismiss Plaintiffs' claim for deceptive conduct under the Unfair Trade Practice and Consumer Protection Law ("UTPCPL"). To state a claim for deceptive conduct under the UTPCPL, a plaintiff must show: "(1) a deceptive act that is likely to deceive a consumer acting reasonably under similar circumstances; (2) justifiable reliance; and (3) that the [plaintiffs'] justifiable reliance caused ascertainable loss." *Hall v. Equifax Info. Servs. LLC*, 204 F. Supp. 3d 807, 810–11 (E.D. Pa. 2016) (quoting *Slapikas v. First American Title Ins. Co.*, 298 F.R.D. 285, 292 (W.D.Pa.2014). In determining whether such conduct is deceptive, a court will consider "whether the conduct has a tendency or capacity to deceive," which is a "lesser, more relaxed standard than that for fraudulent or negligent misrepresentation." *Gregg v. Ameriprise Fin., Inc.*, 245 A.3d 637, 649 (Pa. 2021).

To establish justifiable reliance, a plaintiff must "set forth sufficient factual allegations showing that 'they justifiably relied on the defendant's wrongful conduct or representation.'" *Hall*, 204 F. Supp. 3d at 812 (quoting *Yocca v. Pittsburgh Steelers Sports, Inc.*, 578 Pa. 479 (2004)). This issue is "typically a question of fact for the fact-finder to decide, and requires a consideration of the parties, their relationship, and the circumstances surrounding their transaction." *Toy v. Metro. Life Ins. Co.*, 593 Pa. 20, 55 (2007). And to establish ascertainable loss, a plaintiff must plead sufficient facts "point[ing] to money or property that he would have had but for the defendant's [deceptive] actions." *Walkup v. Santander Bank, N.A.*, 147 F. Supp. 3d 349, 358 (E.D. Pa. 2015); *see Hall*, 204 F.Supp.3d at 812 ("[the] loss asserted [must] be 'an actual, non-speculative, loss of money or property.'") (quoting *Levy-Tatum v. Navient & Sallie Mae Bank*, No. CV 15-3794, 2016 WL 75231, at *9 (E.D. Pa. Jan. 7, 2016)).

Defendant makes three arguments as to the UTPCPL. First, they argue Plaintiffs have not identified a deceptive practice. Second, that Plaintiffs have not plead sufficient facts to show justifiable reliance. And third, that the CDL course and testing provided by Defendant was not primarily for personal, family or household purposes under the UTPCPL.

As to Defendant's first argument, Plaintiff has alleged that Defendant offered educational services that would provide training and instruction for students to obtain their CDL's, and that in addition to the training and instruction offered, Defendants would provide CDL testing that complied with state requirements. Plaintiffs allege they purchased Defendant's services, to the tune of thousands of dollars, which included the CDL testing. Plaintiffs further allege these representations regarding the CDL testing were false, as Plaintiffs were later made aware the testing they were administered by Defendant was non-compliant, which rendered their CDL's invalid. Plaintiffs have thus pled sufficient facts to show a deceptive practice.

As to Defendant's second argument regarding justifiable reliance, Plaintiffs have alleged they relied on Defendant to provide CDL testing that was in compliance with state standards. They allege they paid money for these educational services consistent with Defendant's representations, and, they would not have paid such tuition and fees had they been aware Defendant's CDL testing was noncompliant. Accordingly, Plaintiffs have plead sufficient facts to make a plausible allegation of justifiable reliance.

As to Defendant's final argument, Courts have found the purchase of educational services to qualify as expenses for personal, household or family purposes. *See Sibeto v. Capella Univ.*, No. CIV.A. 13-1674, 2014 WL 3547347, at *4 (W.D. Pa. June 13, 2014), *report and recommendation adopted as modified*, No. 2:13-CV-1674, 2014 WL 3547344 (W.D. Pa. July 17, 2014) (tuition payments from doctoral degree program found to be personal expenses); *Harris v.*

*Saint Joseph's Univ.*, No. CIV.A. 13-3937, 2014 WL 1910242, at *6 (E.D. Pa. May 13, 2014) (payment of tuition and fees found to be personal, family or household purposes at motion to dismiss stage); *see also Felty v. Driver Sols.*, LLC, No. 13 C 2818, 2013 WL 5835712, at *3 (N.D. Ill. 2013) (issue of whether debt incurred from a CDL course is a business or personal expense is a question of fact). Plaintiffs have alleged they paid tuition and fees to Defendant for training and instruction associated with obtaining a CDL. Therefore, at this stage, Plaintiffs have sufficiently alleged they purchased a good or service that was "primarily for personal, family or household purposes." 73 Pa. Stat. § 201-9.2(a); *see Cnty. of Monmouth v. Rite Aid Corp.*, No. 20-CV-2024, 2023 WL 2743921, at *6 (E.D. Pa. Mar. 31, 2023). Defendant's motion to dismiss Count One is denied.

### B. Breach of Contract

Defendant next moves to dismiss Plaintiffs' claim for breach of contract. Pennsylvania law requires plaintiffs alleging a breach of contract to establish "(1) the existence of a contract; (2) a breach of a duty imposed by the contract; and (3) resultant damages." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003) (citing *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999). Plaintiffs have alleged they contracted with Defendant, Defendant breached that contract and Plaintiffs suffered damages as a result. Specifically, Plaintiffs have alleged they entered the contract by paying tuition and fees to Defendant, and that in exchange for said tuition and fees, Defendant promised to provide education, training and testing services, that upon completion, would result in a valid CDL license. Plaintiffs further allege Defendant failed to provide the contracted for services and they suffered damages as a direct and proximate result of Defendant's breach.

As to Defendant's argument that Roadmaster's Inc. is not a party to the contract, Plaintiffs have alleged they contracted with Defendant. They allege Defendant owns and operates various locations, including Roadmaster Drivers School of Pennsylvania, and that Defendant contracted for the CDL testing. Therefore, accepting Plaintiffs' factual allegations as true and construing them in a light most favorable to the non-movant, Plaintiff has sufficiently pleaded a cause of action for breach of contract.[2]

### C. Unjust Enrichment

Plaintiffs' unjust enrichment claim alleges that Defendant voluntarily and accepted a benefit, in this case monies paid for CDL training and testing services, and, they have retained this benefit even though they failed to provide the services that were promised. The elements of an unjust enrichment claim under Pennsylvania law are "(1) benefits conferred on defendant by plaintiff, (2) appreciation of such benefits by defendant, and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *Argue v. Triton Digital Inc.*, 734 F. App'x 148, 151 (3d Cir. 2018) (quoting *Mark Hershey Farms, Inc. v. Robinson*, 171 A.3d 810, 817 (Pa. Super. Ct. 2017)). This inquiry is a factual one, wherein the focus "is not on the intention of the parties, but rather on whether the defendant has been unjustly enriched." *Schenck v. K.E. David, Ltd.*, 446 Pa. Super.

---

[2] In their motion response, Plaintiffs state that Roadmaster Drivers School of Pennsylvania, Inc. was not included as a defendant in the Amended Complaint due to scrivener's error. Plaintiffs seek leave to amend the complaint to add Roadmaster Drivers School of Pennsylvania, Inc. as a defendant to the extent the Court believes they are a necessary defendant for the claim to survive. *See* Pls. Resp. to Mot. To Dismiss, ECF No. 13 at 10-11. Plaintiffs' breach of contract claim against Roadmaster Drivers School, Inc. is going to survive the motion to dismiss. If Plaintiff wishes to amend the complaint to add Roadmaster Drivers School of Pennsylvania, Inc. as a defendant, Plaintiffs must file a motion to amend the complaint on or before July 3, 2023.

94, 97–98 (1995) (citing *State Farm Mut. Auto. Ins. Co. v. Jim Bowe & Sons, Inc.*, 372 Pa.Super. 186, 190 (1988)).

An unjust enrichment claim is "inapplicable when the relationship between the parties is founded on a written agreement or express contract." *Benefit Tr. Life Ins. Co. v. Union Nat. Bank of Pittsburgh*, 776 F.2d 1174, 1177 (3d Cir. 1985) (quoting *Schott v. Westinghouse Elec. Corp.*, 436 Pa. 279, 290, 259 A.2d 443 (1969)). However, Courts have permitted parties to plead a breach of contract and unjust enrichment claim alternatively at this stage in the proceedings. *See Cornell Companies, Inc. v. Borough of New Morgan*, 512 F. Supp.2d 238, 265 (E.D. Pa. 2007); *United States v. Kensington Hosp.*, 760 F.Supp. 1120, 1135 (E.D.Pa.1991)); *MAP Refrigeration, Inc. v. New Albertsons, L.P.*, No. 19-CV-3729-JMY, 2019 WL 7049015, at *4 (E.D. Pa. Dec. 20, 2019); *see also* Fed. R. Civ. P. 8(d)(2) (a party may set out two or more statements of a claim alternatively).

Plaintiffs have thus far pleaded sufficient factual allegations to establish the elements of an unjust enrichment claim. Plaintiffs conferred a benefit on Defendant in the form of monies paid for CDL training and resting services. Defendant accepted this benefit by receiving payment. Plaintiffs have alleged Defendant has retained this benefit even though the CDL licenses were determined to be invalid. Moreover, Plaintiffs are entitled to plead both their breach of contract and unjust enrichment claims at this stage of the proceedings. Therefore, Defendant's motion to dismiss count three is denied.

### D. Motion to Strike Punitive Damages

Plaintiffs' Amended Complaint contains a prayer for punitive damages. Pennsylvania law does not permit an award of punitive damages in a breach of contract claim. *Dehart v. HomEq Servicing Corp.*, 679 F. App'x 184, 189 (3d Cir. 2017); *see Greenwald Caterers Inc. v. Lancaster*

*Host, LLC*, 599 F. Supp. 3d 235, 249 (E.D. Pa. 2022).  Punitive damages are also not available for a claim of unjust enrichment.  *Greenwald Caterers Inc.*, 599 F. Supp.3d at 253 (citing *Williamsburg Commons Condo. Ass'n v. State Farm Fire and Cas. Co.*, 907 F. Supp. 2d 673, 680 n.7 (E.D. Pa. 2012)).  As such, Plaintiffs may not recover punitive damages on their breach of contract and unjust enrichment claims.

With respect to Plaintiffs' UTPCPL claim, the Pennsylvania Superior Court has found that the UTPCPL does not permit recovery of punitive damages.  *Richards v. Ameriprise Fin., Inc.*, 152 A.3d 1027, 1035 (Pa. Super Ct. 2016));  *see Callery v. HOP Energy, LLC*, No. CV 20-3652, 2023 WL 2601178, at *8 (E.D. Pa. Mar. 22, 2023).  But a court has discretion to award treble damages and to "provide such additional relief as it deems necessary or proper." 73 Pa. Stat. Ann. § 201-9.2(a); *see Lindsley v. Am. Honda Motor Co., Inc.*, No. CV 16-941, 2017 WL 2930962, at *10 (E.D. Pa. July 7, 2017).   Plaintiffs ask this Court to consider their prayer for punitive damages to be a claim for treble damages under "the liberal pleading standards of the federal rules." *See* ECF No. 13 at 15.  That request is denied.  If Plaintiffs wish to amend their complaint to include a prayer for treble damages under the UTPCPL, they must do so on or before July 3, 2023. Accordingly, Defendant's motion to strike punitive damages is granted without prejudice.

### E.  Motion to Strike Prejudgment Interest

Plaintiffs have requested prejudgment interest in their prayer for relief.  Prejudgment interest is defined as "additional damages for loss of use of the money due as damages, during the lapse of time since the accrual of the claim." *Nedd v. United Mine Workers,* 488 F.Supp. 1208, 1213 (M.D. Pa. 1980) (internal quotations omitted).   Under Pennsylvania law, prejudgment interest is awarded as a matter of right.  *Somerset Comm. Hospital v. Allan B. Mitchell & Assocs.*, 454 Pa.Super. 188, 201 (1996) (citing *Thomas H. Ross Inc. v. Seigfried*, 405 Pa.Super. 558, 592

A.2d 1353 (1991)).  A Court may award prejudgment interest when the amount of damages is "ascertainable with mathematical precision." *Nedd*, 488 F.Supp. at 1213.

Defendant argues Plaintiffs' prayer for prejudgment interest should be stricken, as Plaintiffs are unable to establish their damages with any mathematical precision.  But even if Plaintiffs cannot assert such damages with mathematical precision at this stage, they have stated a viable claim for all three counts of the Amended Complaint.  And they very well could be able to state their damages with a mathematical precision at a later stage of the litigation.  Therefore Defendants' motion to strike the prayer for prejudgment interest is denied.  Defendant may reassert this argument at a later stage in the proceedings if warranted by relevant facts and applicable law.

### F.  Motion to Strike Injunctive Relief

Defendant moves to strike Plaintiffs' prayer for injunctive relief on the grounds that Plaintiffs did not include any request for injunctive relief in their Amended Complaint.  Plaintiffs did not respond to this issue in their brief.  Therefore the Court will grant Defendant's motion to strike Plaintiffs' prayer for injunctive relief as unopposed.  *See Rock v. Voshell*, No. CIV.A. 05-1468, 2006 WL 1409734, at *11 (E.D. Pa. May 18, 2006).

### G.  Motion to Strike Attorney's Fees

Plaintiffs' Amended Complaint contains a prayer for attorney's fees.  When it comes to awarding attorney's fees, the Supreme Court has noted that under the American rule, "in the absence of an agreement or statute providing for attorney's fees … 'the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser.'" *O'Brien v. Travelers Prop. & Cas. Ins. Co.*, 65 F. App'x 853, 856 (3d Cir. 2003) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)).  Pennsylvania law provides that generally each party is responsible for their own attorney's fees absent "express statutory authorization, a clear

agreement of the parties or some other established exception." *McMullen v. Kutz*, 603 Pa. 602, 613 (2009).

Defendant's argument is two fold – first, they argue that under Pennsylvania law attorney's fees are not recoverable in a claim for breach of contract or unjust enrichment. Second, they argue that while the UTPCPL does permit recovery of attorney's fees, Plaintiffs have failed to sufficiently plead a UTPCPL claim, and, any recovery would be precluded by the contract between Plaintiffs and Roadmaster.

While Pennsylvania law does not permit recovery of attorney's fees absent "express statutory authorization, a clear agreement of the parties or some other established exception," *Collings v. State Farm Fire & Cas. Co.*, No. 2:22-CV-0057, 2022 WL 1291511, at *4 (E.D. Pa. Apr. 29, 2022) (quoting *Merlino v. Del. Cnty*, 556 Pa. 422, 425 (Pa. 1999), at such an early stage in the proceedings, and based on the pleadings thus far, it would be impossible to determine whether an award of attorney's fees would be appropriate as to Plaintiffs' claims for breach of contract and unjust enrichment. *Fiorentino v. Cabot Oil & Gas Corp.*, 750 F. Supp. 2d 506, 515 (M.D. Pa. 2010). Additionally, the UTPCPL explicitly permits a court to award "costs and reasonable attorney fees." Pa. Stat. Ann. tit. 73 § 201–9.2(a); *see Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 401 (3d Cir. 2004). Therefore, the Court declines to strike Plaintiffs' demand for attorney's fees at this stage of the litigation. Defendant may reassert their argument at a later stage in the proceedings if warranted by the relevant facts and applicable law.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion is granted in part and denied in part. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge