IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRADLEY MEEHAN and CESAR E. CORVERA SANTAMARIA, on behalf of themselves and those similarly situated,<br><br>      *Plaintiffs,*<br><br>    v.<br><br>ROADMASTER DRIVERS SCHOOL OF PENNSYLVANIA, INC.,<br><br>      *Defendant.* | C.A. NO. 5:22-CV-04299<br><br>Honorable John M. Gallagher |

**FINAL APPROVAL ORDER**

This matter, having come before the Court on Plaintiffs' Motion for Final Approval of the proposed class action settlement with Defendant Roadmaster Drivers School of Pennsylvania, Inc. (hereafter, "Roadmaster" or "Defendant"); the Court having considered all papers filed and arguments made with respect to the settlement, and having granted preliminary approval to the Settlement, by Order on May 14, 2024 (ECF 46), and the Court, being fully advised finds that:

    1.    On September 18, 2024, the Court held a Final Approval Hearing, at which time the parties were afforded the opportunity to be heard in support of or in opposition to the settlement. The Court received two (2) objections regarding the settlement.

    2.    Notice to the Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order (ECF 46). Such Notice has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances, including the dissemination of individual notice to all members who can be identified through reasonable effort; and satisfies Rule 23(e) and due process.

3. The Defendant has timely filed notification of this settlement with the appropriate officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

4. The terms of the Settlement Agreement are incorporated fully into this Order by reference. The Court finds that the terms of Settlement Agreement are fair, reasonable, and adequate in light of the complexity, expense and duration of litigation and the risks involved in establishing liability, damages, and in maintaining the class action through trial and appeal.

5. The Court has considered the factors enumerated in Rule 23(e)(2) and finds they counsel in favor of final approval.

6. The Court finds that the relief provided under the settlement constitutes fair value given in exchange for the release of claims.

7. The parties and each Class Member have irrevocably submitted to the jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of the Settlement Agreement.

8. The Court finds that it is in the best interests of the parties and the Class and consistent with principles of judicial economy that any dispute between any Class Member (including any dispute as to whether any person is a Class Member) and any Released Party which, in any way, relates to the applicability or scope of the Settlement Agreement or the Final Judgment and Order should be presented exclusively to this Court for resolution by this Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

9. This action is a class action against Defendant Roadmaster Drivers School of Pennsylvania, Inc., on behalf of a class of consumers that has been defined as follows:

> Each student of Roadmaster Drivers School of Pennsylvania, Inc. who paid or caused to be paid tuition and/or fees or other related educational expenses in connection with CDL training and testing, who later had their CDL declared to be improperly issued due to improperly conducted skills testing, from October 26, 2016 to and through the date of the Settlement Agreement.

10. The Settlement Agreement submitted by the parties for the Class is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable, and adequate and in the best interests of the Class. The Settlement Agreement, including the monetary and injunctive relief set forth therein, shall be deemed incorporated herein and shall be consummated in accordance with the terms and provisions thereof, except as amended or clarified by any subsequent order issued by this Court.

11. As agreed by the parties in the Settlement Agreement, upon the Effective Date, the Released Parties shall be released and discharged in accordance with the Settlement Agreement.

12. As agreed by the parties in the Settlement Agreement, upon the Effective Date, each Class Member is enjoined and permanently barred from instituting, maintaining, or prosecuting, either directly or indirectly, any lawsuit that asserts Class Released Claims.

13. Upon consideration of Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement (ECF No. 52), the Court grants the Motion for an Award (ECF No. 52) and awards $133,333.33 as reasonable attorneys' fees and reimbursement for reasonable out-of-pocket expenses, which shall be paid from the Settlement Fund.

14. Upon consideration of the application for an individual settlement and service award, the Named Plaintiffs, Bradley Meehan and Cesar E. Corvera Santamaria, are each awarded the sum of seven thousand five hundred dollars ($7,500), to be paid from the Settlement Fund, for the services they have performed for and on behalf of the Class.

15. After carefully considering each objection and extending the deadline to opt out for the two Objectors, the Court overrules the objections to the settlement.

16. Neither this Final Judgment and Order, nor the Settlement Agreement, shall be construed or used as an admission or concession by or against the Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Class Released

Claims. This Final Judgment and Order is not a finding of the validity or invalidity of any claims in this lawsuit or a determination of any wrongdoing by the Defendant or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Class Members, or the Defendant.

17. Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over Defendant and each member of the Class for any suit, action, proceeding or dispute arising out of or relating to this Order, the Settlement Agreement or the applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration or other proceeding by a Class member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Class Members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

18. This action is hereby dismissed on the merits, in its entirety, with prejudice and without costs.

19. The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.

20. The individual who submitted the communication appearing as Exhibit C to the Declaration of American Legal Claims Services, LLC Regarding Due Diligence In Noticing (ECF 54 at p 15) has validly excluded himself from the Class in accordance with the provisions of the Settlement Agreement and Preliminary Approval Order and is thus excluded from the terms of this Order. Similarly, Objector Saajida O'Quinn has validly filed a Notice of Opt Out (ECF No. 61) in accordance with the Orders extending the deadline for her to opt out (ECF Nos. 57 & 59) and is thus excluded from the terms of this Order. Further, because the settlement is being reached as a compromise to resolve this litigation, including before a final determination of the merits of any issue in this case, none of the individuals reflected on ECF 54 p. 15 may invoke the doctrines of *res judicata*, collateral estoppel, or any state law equivalents to those doctrines in connection with any further litigation against Defendant in connection with the claims settled by the Class.

Dated: October 11, 2024                                    BY THE COURT:

                                                        /s/ John M. Gallagher
                                         HONORABLE JOHN M. GALLAGHER
                                         UNITED STATES DISTRICT JUDGE